## GRIER *v.* NORTH AND SOUTH MACON STREET RAILWAY COMPANY.

This being an action of trover, and the evidence introduced in behalf of the plaintiff showing that title to the property sued for was not in the plaintiff at the time the suit was filed, there was no error in granting a nonsuit, or in refusing to strike the defendant's answer, which set forth substantially the facts disclosed by the evidence for the plaintiff.

Argued May 14, — Decided June 9, 1904.

Trover.   Before Judge Hodges.   City court of Macon.   January 16, 1904.

This was an action of trover to recover thirty electric railway poles. In 1901 Sparks, the president of the defendant company, wrote to plaintiff a letter stating that "you can ship me 125 poles

at the prices named in your favor of the 25th.    I want black cypress.    Get me good ones."    What these prices were does not distinctly appear.    125 poles were shipped by plaintiff to defendant in compliance with this order.    On March 4, 1902, Sparks wrote plaintiff, inclosing a check for $100, and stating that he would use as many of the poles as possible, and the balance of the purchase-price would be sent later.    The defendant afterwards declined to pay for thirty of the poles, on the ground that they were not of the character ordered.    The present action is brought to recover these poles.    On September 20, plaintiff wrote to Sparks inquiring as to the number of poles used, and asking for a statement and for payment of any balance which might be due him.    Sparks answered this letter, stating that there was no balance due plaintiff.    On November 27, Sparks wrote plaintiff, inclosing a statement showing a balance in favor of plaintiff of $19.25, a check for which amount was inclosed.    This statement charged plaintiff with the $100 previously paid, freight $33, " 30 poles condemned at $1.50, $45," draft inclosed, $19.25.    Nothing further was done by plaintiff until in December, 1902, when he employed counsel to recover the thirty poles for which the defendant had not paid him.    His counsel wrote to Sparks making demand on him for the thirty poles.    Sparks replied to this letter, stating that he could not return the poles, because he had used them for fence-posts, and that he was willing to pay whatever they were worth for that purpose.    On the trial the plaintiff testified that the 125 poles were shipped defendant "on approval."    The court overruled a demurrer to defendant's answer, and granted a nonsuit.    To both of these judgments the plaintiff excepted.

*Akerman & Akerman*, for plaintiff.
*Bacon, Miller & Brunson* and *W. C. Nottingham*, for defendant.

COBB, J.    (After stating the foregoing facts.)    The theory of the plaintiff's case was that the contract between the parties was one of bailment; that the 125 poles were shipped to the defendant, under an understanding that it was to accept such as were satisfactory and reject those which were unsuited to the purpose for which they were ordered; that those rejected remained the property of the plaintiff, no title having passed until after acceptance; and that the thirty poles having been rejected, defendant never

acquired title to them, and its use of them for fence-posts was a conversion. The defendant's theory was that the contract was a sale with a warranty of fitness; that title passed to all of the poles; and that there had been a breach of the warranty as to thirty of the poles. If the defendant's theory was correct, it had a perfect right to keep all of the poles notwithstanding there might have been a breach of the warranty as to some of them, and claim a deduction from the purchase-price for whatever amount was represented by the difference in value between the poles as contracted for and as actually furnished. See *Cook* v. *Finch*, 117 *Ga.* 541. When the evidence is taken as a whole, this seems to be the truth of the case. The plaintiff testified that the poles were shipped to the defendant "on approval," and the correspondence seems to indicate an ordinary sale, with a warranty as to fitness. If there is any conflict between the oral testimony and the correspondence, the latter ought to control. Taking this correspondence in its entirety, we think the trial judge reached the right conclusion, and that there was no error in granting a nonsuit, or in refusing to strike the defendant's answer, which set forth substantially the facts as they appeared in evidence.

<em>Judgment affirmed. All the Justices concur.</em>